ROBERT L. BLAND, Judge.
About three o’clock on the morning of September 2, 1945, claimants left their home at Kopperston, Wyoming county, West Virginia, in a 1939 model Buick automobile (owned and driven by claimant W. B. Jordan) to visit relatives in the state of Pennsylvania. They travelled in West Virginia over what is commonly called the Bolt-Glen Daniel highway, being a public highway leading from Glen Rogers, in Wyoming *225 county, to Glen Daniel, in Raleigh county. They contend that about four-fifteen o’clock, not yet daylight, near what is known as the Crouch farm, between said Glen Rogers and Glen Daniel, the state road commission had been repairing a bridge over which said state highway passes, and that said bridge had been removed and there was no barricade, lights or warning signs of any kind to warn the public generally that the said bridge was not in order, and that their said automobile plunged from the said highway into the stream of water supposedly spanned by said bridge, as the result of which each of said claimants was seriously injured, requiring hospitalization and medical treatment for a long period of time; and that as further result of said accident the automobile owned and operated by the said W. B. Jordan was completely demolished and thereby became a total loss.
Claimants further contend that their injuries were caused by' gross negligence upon the part of employees of the state road commission, and not contributed to in any way by themselves. They seek such damages and compensation for their injuries and .loss as may be fair and proper.
The state, by its plea filed in the case, denies all responsibility in the premises.
A veritable mass of testimony was introduced upon the hearing of the claims. This evidence has been carefully considered. The claims may well and easily be determined upon the solution of a single issue of fact, namely, did the state road commission take proper steps and employ necessary measures to warn all users of the highway of danger at the location of the bridge? Majority members of the court find that it did. A sufficient barricade was erected, lights on either side of the bridge were installed, and a well defined detour sign, plainly marked, with reflector lights thereon, was provided.
Claimant, W. B. Jordan, who was operating the automobile at the time of the accident, tesified that the highway was straight and level for over a half mile before he reached the *226 bridge. He should, therefore, have had good view of the reflector lights from the detour sign.
In repairing the bridge the road commission was engaged in the performance of a governmental duty, and where a governmental duty rests upon a state or any of its instrumentalities, there is absolute immunity in respect to all acts or agencies. Am. Jur. Vol. 49, Sec. 73, p. 284.
It does not follow that because an accident occurs on a public highway that the state should make compensation for personal injuries suffered or property loss sustained. It may be observed at this juncture that W. B. Jordan collected from an Insurance Comoanv the sum of $588.00 on account of damage done to his automobile in his unfortunate accident.
There was no “trap” at the bridge location. The evidence of several witnesses introduced and vouched for by claimants shows conclusively that the road commission had safe-guarded the bridge in proper manner. The evidence offered by the state left no doubt in that respect.
Awards to the several claimants and each of them are denied and'their claims dismissed by maioritv members of the court. Judge Schuck will file a dissenting opinion.